IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
XXXXXXXXX
SUITE 104
MONTGOMERY, AL. 36801

RECEIVED
2020 NOV 19 A 11: 10
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JIMMY GLENN, ANDERSON CHILDS(Estate of) , ROBIN CHILDS,

Plaintiffs,

vs.

CLEVELAND BROTHERS INC, THE ESTATE OF DOCTOR WOODSON & TIMOTHY WOODSON ADM., LEE COUNTY'S 37TH JUDICIAL CIRCUIT COURT JUDGE, AND WILLIE DUMAS ESTATE OF MINNIE MORGAN C/O.

Defendants

FILED PURSUANT TO ALABAMA CIVIL APPEALS CASE # 2190665

(ON APPEAL FROM LEE CIRCUIT COURT CASE # CV-06-276)

CASE NO.: 3:20-cv-957-EMC-KFP

**DEMAND FOR JURY TRIAL**

---

**COMPLAINT FOR CIVIL RIGHTS VIOLATION AND INJUNCTIVE RELIEF, AND DAMAGES AGAINST BOTH STATE AND PRIVATE ACTORS**

The Plaintiffs, identified above, acting pro se collectively in the above styled action, hereby files this Complaint against the Defendants identified above for a violation of their due process rights afforded under the fifth, six, seventh, eighth, thirteenth, and fourteenth amendment rights.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff's Jimmy Glenn and Anderson Childs are residents of Auburn, Al. Plaintiff Robin Childs is a resident of Atlanta, Ga. Anderson Childs passed on October 28, 2020, probate actions forthcoming.

2. Defendant Cleveland Brothers Inc. operates as a private corporation who may be served on behalf of counsel at Haygood, Cleveland, Pierce, Thompson and Short, LLP, Attn Roger Pierce, P.O. Box 3310, Auburn, Al. 36831-3310. Defendant Timothy Woodson administrator of the estate and a resident of Columbus, Ga. May be served at 2931 Avondale Road, 31903. Defendants Lee County's Circuit Court & Judge Jacob Walker may be served at 2311 Gateway Drive Ste. 104, Opelika, Al. 36801. Defendant Willie Dumas of the Estate of Minnie Morgan may be served at 2044 Bonny Glenn, Auburn, Al. 36830.

3. This action, seeking injunctive, and declaratory relief is being invoked pursuant to 42 U.S.C. Section 2283, 42 U.S.C. Section 1983, and 42 U.S.C. Section 1982 .

JURY DEMAND

4. Plaintiff's demands a retrial of all causes of action raised at trail court level.

STANDING

5. The case, filed in state court in in 2006 by Cleveland Brothers Inc. sought to partition a 40 + acre tract of land belonging to the heirs (now deceased) of the original owners, Ben and Alice Woodson. Plaintiff's entitlement and or participation in stated action derives from the following; A.) Plaintiff Anderson Childs is the son of Frances Woodson Childs, one of ten surviving children and a direct descendant of Ben and Alice Woodson. B.) Jimmy Glenn, is the grandson of Frances Childs by and through his mother, Inez Childs, daughter of Frances Woodson Childs. C.) Defendant Robin Childs, is the granddaughter of Frances Woodson Childs by and through her father, Robert Childs.

BACKGROUND

6. Defendant's, Cleveland Brothers Inc., initiated action for partition in state court arising from the purchase of an interest from two of Doctor Woodson's

daughters. The acquisition of said interest acquired by the Cleveland Brother's through said purchase granted them neither perfect equity nor color of title as required under Alabama law. Having acquired a financial interest in the property rights of the two Woodson heirs, defendants orchestrated a takeover of the entire estate seeking to advance the validity of fraudulent instrument presented by Doctor Woodson alleging to have acquired the entire estate while serving in a fiduciary capacity. thereby divesting his nine siblings of their rightful inheritance to the property at issue. The primary issue addressed throughout the proceeding was not on the administration of the estate but upon the cloud placed upon the original conveyance by the deed filed by Doctor Woodson some thirty years after its inception in 1993. According to this clouded instrument , Doctor Woodson purports to have acquired the interests of his siblings whose signatures are present in 1962. Yet some 15 years later he acted as lead plaintiff in an effort to subdivide the property in equal shares among his siblings. During this attempt an official survey was prepared designating specific allotments to

each of his siblings. The survey was performed in 1983. Efforts to carry out the plan for subdivision was spoiled by the issuance of correspondence from the firm representing Doctor Woodson. The firm in question, based on testimony presented at trial and confirmed by records maintained in the office of Secretary of State, was owned and operated by the father of now presiding court judge, Judge Jacob Walker. The heirs fraud claims are based upon facts which allege that Doctor Woodson, under the direction of his attorney, Hoyt Hill, of the Walker Law Firm, conspired to divest his siblings of their rightful entitlement to the estate in question. That Doctor Woodson, while acting under direction of counsel and agreeing to act as lead plaintiff in an action for subdivision, did in fact intentionally mislead his siblings to act to their detriment. While in the process of collecting and acquiring signatures for the action to subdivide the estate, it is alleged that Doctor Woodson was secretly transcribing, perfecting, and transferring those signatures to the fraudulent deed. Having no further need to collect signatures, while simultaneously aborting attempts at subdivision,

Doctor Woodson's attorney issued correspondence stating that due to a conflict of interest, and pursuant to various zoning regulations, the firm could no longer assist Doctor Woodson in the expedition of said subdivision action.

CLAIMS AND ALLEGATIONS

7. On or about January 7, 2013, parties to said action was restricted from entering courtroom during a scheduled pretrial hearing.

8. Complainant's were deprived of an opportunity to conduct reasonable discovery for the purpose of identifying proper parties for examination. In addition to refusing to compel or sanction opposing parties and counsel, the court, sua pointe, proposed the appointment of a master to censure production requests, thereby, prejudicing complainant's case.

9. Complainant's suffered bias and prejudice based on evidence that the presiding judge had a direct, personal, and pecuniary interest in the outcome of the proceeding held, but refused to step down. Information obtained from the office of Secretary of State along with testimony presented at trial disclosed that the bench's father, Judge Walker Senior, owned and

operated the firm representing Doctor Woodson, the father of co-defendants who allegedly procured and filed the fraudulent instrument now being contested. That files subject to complainant's production requests are more likely than not to be in possession of the presiding judge, Judge Walker.

10. Trial court denied family members, who having shared like claims the right to move forward collectively pro se, thereby, severing complainant claims from other family members and ordering them to obtain counsel or risk having their claims dismissed.

11. The case at bar, after having been previously dismissed, was reinstated by a trial court judge whom admittedly expressed a conflict of interest by later recusing himself following reinstatement.

12. Complainant's were denied the right to a jury trial on all issues alleging fraud.

13. Amid allegations of fraud and conspiracy in connection with the alleged fraudulent deed, the trial court allegedly conducted a phantom hearing on July 27,2007, whereby, the court issued an order ruling on the validity of the fraudulent instrument in question. During said hearing complainant's received no notice

and were denied an opportunity to confront, examine, and offer testimony.

14. Complainant's were subject to the ineffective assistance of counsel. Following the issuance of the court's order ruling on the validity of the fraudulent deed in the absence of testimony or affidavits, counsel made no attempt to object or contest ruling.

15. That in the event complainant's been allowed to conduct reasonable discovery and production, it is undisputed that trial court judge Jacob Walker would have been subpoenaed to provide testimony as to the chain of custody regarding the possession of his father's files.

16. Improper cancellation of original trial date for the express purpose of creating hardships for family members attending court from out of town. Complainant sought court's permission to file appeal and continue trial date pending appeal decision. The court denied continuance initially then reversed after filing of appeal causing undue hardship for parties planning to be in attendance.

17. Upon rescheduling of a new trial date following the denial of complainant's initial appeal, the court

failed to notify pro se complainants of new trial date.

18. That trial court's decision to bifurcate proceedings and sever parties sharing like claims, thereby, increasing court costs and imposing excessive fines, was an intentional act, in violation of complainant's due process rights, and designed to discourage parties efforts toward appeal.

RELIEF SOUGHT

1. Complainant's petitions the court to void, reverse, and or suspend all rulings and proceedings held in state court including those arising from mediation, and grant complainants the right to proceed in federal court with the benefit of a jury trial under the state's Quiet Title and or action for Ejectment Statutes.

2. Upon a finding that the state court, acting in collusion with, and or on behalf of the other named defendant's, did in fact violate complainant's constitutional rights, complainant's seek an award of the following damages;

a. Attorney fees in the amount of $ 27,000.00.

b. Punitive damages award in the amount of $15,000.00.

c. Total reimbursement of all costs and fees paid out by complainants in state court related to this action.

3. Enjoin State Court of Appeals from ordering the dismissal of parties related to joinder claims, filed one day late due to excusable neglect, on behalf of Anderson Childs and Robin Childs.

4. Enjoin defendant's, Cleveland Brothers, from claiming any estate, right, or title to the subject property other than a monetary interest.

Complainant's reserve the rights to amend said complaint within the prescribed time outlined under Rules of Federal Procedure.

Dated this 16th day of November, 2020

Jimmy Glenn
801 Byrd Street
Auburn, Al. 36832
(334)209-6069

Robin Childs
801 Welch Street
Atlanta, Ga. 30310

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the attached document to the following named respondents and all other parties to this petition either by hand or by U. S Mail on this ~~16th~~ 17th day of November, 2020.

Roger Pierce
P. O. Box 3310
Auburn, Al. 36831

Hon. John W. Charles
The Anderson Law Firm
515 Halcyon Pointe Dr.
Montgomery, Al. 36117

Court of Civil Appeals
Rebecca C. Oates, Clerk
300 Dexter Avenue
Montgomery, Al. 36104-3741

Jimmy Glenn, pro se
501 Byrd Street
Auburn, Al. 36830
(334) 209-6069

Robin Welch, pro se
801 Welch Street
Atlanta, Ga.



**Jimmy Glenn**
501 Byrd St.
Auburn, AL 36832-3607

...ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**



7020 1290 0000 0167 7158





1000



36104

U.S. POSTAGE PAID
FCM LETTER
TUSKEGEE, AL
36083
NOV 17, 20
AMOUNT

**$7.25**

R2305E124841-05

TUSKEGEE AL NOV 17 2020

**RETURN RECEIPT REQUESTED**

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SUITE 104 15 Lee St
MONTGOMERY, AL.
36104