IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JIMMY GLENN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 3:20-CV-957-ECM-KFP |
| ) | |
| CLEVELAND BROTHERS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiffs Jimmy Glenn, Estate of Anderson Childs, and Robin Childs, proceeding pro se, bring this lawsuit against ten Defendants[1], alleging various constitutional violations arising from a state court action filed in 2006. Doc. 36. The majority of the named Defendants have moved to dismiss this action on a variety of grounds (Docs. 49, 50, 51, 52, 53, 68), and Plaintiffs have filed a response (Doc. 62). Upon consideration of the parties' submissions and the relevant law, the undersigned RECOMMENDS that Defendants' motions to dismiss be GRANTED and this case be DISMISSED for the reasons set forth below.[2]

---

[1] Specifically, in the body of their Amended Complaint, Plaintiffs name Cleveland Brothers, Inc., Timothy Woodson, Willie Dumas, Lee County Circuit Court, Judge Jacob Walker, Judge John Denson, Circuit Court Clerk Mary Roberson, Unnamed Bailiff assigned to Judge Walker, Judge Bill English, and the Water Works Board of the City of Auburn as defendants. *See* Doc. 36 at 2.

[2] Each of the motions to dismiss seek dismissal of the case on numerous grounds, some of which overlap and some of which are specific to certain Defendants. The Court need not, for purposes of this Recommendation, address *all* the bases for dismissal raised by each Defendant. Thus, the reasons for dismissal discussed below are not exhaustive, and there may be other grounds for dismissal not addressed herein.

I.       BACKGROUND

Plaintiffs initiated this action in November 2020 by filing an initial Complaint, which named several of the ten current Defendants. Doc. 1. Two of those Defendants moved to dismiss the Complaint on a variety of grounds, including but not limited to Plaintiffs' failure to state a claim; judicial immunity; Eleventh Amendment immunity; the *Rooker-Feldman* doctrine; and statute of limitations issues. Docs. 9, 12. In response, Plaintiffs moved to amend their pleading (Doc. 24), which the Court granted (Doc. 26). On June 7, 2021, Plaintiffs filed an Amended Complaint, the operative pleading in this action. Doc. 36.

The Amended Complaint, although difficult to follow at times, appears to revolve around a land dispute that was litigated in state court beginning in 2006. Plaintiffs allege they are the son, grandson, and granddaughter of one of the original landowners' children and, as such, "have held title to the property at issue for over a hundred years." *Id.* at 4. However, "due to the conduct of a number of state court actors, plaintiff's have been deprived of their rightful entitlement to their property." *Id.*

Specifically, Plaintiffs allege that Defendant Timothy Woodson contends that, "pursuant to an instrument filed in 1993," his father, Doc Woodson, owned the entire tract of land at issue. *Id.* However, Plaintiffs—heirs of Doc Woodson's sibling—believe "the instrument is a product of fraud." *Id.* In or around 2005, Defendant Cleveland Brothers, Inc. allegedly hired Doc Woodson's daughter Mary and, following Mary's employment, Cleveland Brothers purchased property interests in the land from her and her sister

Catherine. In 2006, after procuring those property interests, Cleveland Brothers initiated a partition action in state court.

Plaintiffs take issue with not only the events that led to initiation of the 2006 partition action, but with numerous occurrences during the succeeding state court proceedings. For instance, they allege that Judge Denson, a circuit court judge who presumably presided over the partition action, "declare[d] the alleged fraudulent instrument valid absent notice of a hearing, taking of testimony, right to be heard or any of the benefits identified with due process." *Id.* at 5. They allege that Judge Jacob Walker, who presumably presided over subsequent state court proceedings, repeatedly denied plaintiffs' motions, denied plaintiffs the right to proceed pro se collectively, bifurcated and separated issues of parties sharing like claims, and "on or about 2013 . . . denied plaintiffs an opportunity to conduct discovery," among other things. *Id.* at 7-8.

Throughout the Amended Complaint, Plaintiffs allege that numerous Defendants "exercised overt participation with conspiracy" or "acted in furtherance [of a] conspiracy" to deprive Plaintiffs of their right to the land. *See id.* at 10, 12, 15, 16, 17. Pursuant to that vaguely alleged conspiracy, Defendants engaged in conduct that deprived Plaintiffs of various constitutional rights, such as their right to due process and equal protection. Accordingly, Plaintiffs bring numerous claims under 42 U.S.C. § 1983 and § 1985(2) and, as relief, they seek monetary damages and for the Court to (1) "void, reverse, and or suspend all rulings and proceedings held in state court"; (2) "[e]njoin State Court of Appeals from ordering the dismissal of parties related to joinder claims, filed one day late due to excusable neglect"; and (3) "[e]njoin defendant's, Cleveland Brothers, from

claiming any estate, right, or title to the subject property other than a monetary interest." *Id.* at 17-18.

## II. DISCUSSION

Defendants now move to dismiss the Amended Complaint on numerous grounds, including those grounds proffered in Defendants' motions to dismiss the initial Complaint—failure to state a claim; judicial immunity; Eleventh Amendment immunity; the *Rooker-Feldman* doctrine; and statute of limitations issues. *See* Docs. 49, 50, 51, 52, 53, 68. Upon review of Defendants' arguments and Plaintiffs' response, the undersigned finds that the Amended Complaint is due to be dismissed as to each of the ten named Defendants for the reasons discussed below.

### a. Defendant Willie Dumas should be dismissed for Plaintiffs' failure to state a claim against him.

As an initial matter, although Willie Dumas is named in the case caption and identified in the "Parties, Jurisdiction, and Venue" section of the Amended Complaint, there are no factual allegations whatsoever pertaining to Dumas in the Amended Complaint. In the "Parties, Jurisdiction, and Venue" section, Plaintiffs identify Dumas as "Defendant Willie Dumas of the Estate of Minnie Morgan." Doc. 36 at 2. Following that description, there is no further mention of Dumas, and Minnie Morgan is mentioned only to the following extent:

ESTATE OF MINNIE MORGAN DUMAS

27. M. Bryant offered open court testimony in furtherance of the alleged conspiracy that Doc Woodson's siblings, willingly conveyed their property rights pursuant to the 1962 fraudulent conveyance instrument.

*Id.* at 12-13. It is unclear who M. Bryant is, as he or she is not a named defendant in this action, or how his or her alleged actions pertain to Willie Dumas, if at all. Regardless, the above allegation fails to state a claim on which relief can be granted[3] and, therefore, Willie Dumas should be DISMISSED as a defendant from this action.

      **b. Defendant Lee County Circuit Court should be dismissed because it is not a person subject to suit under § 1983.**

To the extent Plaintiffs seek to sue the Lee County Circuit Court, they cannot do so. Plaintiffs purport to bring their claims under 42 U.S.C. § 1983, which first requires a showing that the conduct complained of was committed by a *person* acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). However, the State and its arms are not "persons" for the purpose of a § 1983 action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *Haywood v. Drown*, 556 U.S. 729, 734 n.4 (2009) (affirming the *Will* decision).

Defendant Lee County Circuit Court is a part of Alabama's Judiciary, one of the three branches of state government for the State of Alabama. *See Smiley v. Mobile Cnty. Circuit Court*, No. 16-580, 2017 WL 629464, at *2 (S.D. Ala. Jan. 18, 2017) (citations omitted). Accordingly, Lee County Circuit Court is an arm of the State of Alabama and, therefore, is not a "person" subject to suit under § 1983. *See id.* (holding Mobile County Circuit Court is not a person subject to suit under § 1983); *Teal v. Russell Cnty. Circuit Court*, No. 3:20-CV-93, 2020 WL 1943199, at *3 (M.D. Ala. Mar. 23, 2020) (holding

---

[3] Below, the undersigned will explain what is needed to state a valid conspiracy claim under both 42 U.S.C. § 1983 and § 1985(2) and why Plaintiffs' vague and conclusory allegations, like the one above regarding M. Bryant, are wholly insufficient.

Russell County Circuit Court is not a person subject to suit under § 1983); *Harris v. Elmore Cnty. D.A. Office*, No. 2:13-CV-41, 2013 WL 1084294, at *1 (M.D. Ala. Jan. 30, 2013) (holding Elmore County District Court is not a person subject to suit under § 1983 and noting "[t]he law is well settled that state courts are not persons within the meaning of 42 U.S.C. § 1983"). Therefore, Lee County Circuit Court should be DISMISSED as a defendant from this action.

> **c. Defendant "Unnamed Bailiff Assigned to Judge Walker" should be dismissed because fictitious-party pleading is improper in this instance, Plaintiffs have failed to state a viable claim against him or her, and any viable claim would nevertheless be time-barred.**

To the extent Plaintiffs seek to sue an unidentified bailiff, they cannot do so here. First, "fictitious-party pleading is generally not permitted in federal court" unless "the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Kabbaj v. John Does 1-10*, 600 F. App'x 638, 641 (11th Cir. 2015) (quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)). That is not the case here, as Plaintiffs provide no description of the unnamed defendant whatsoever.

Moreover, Plaintiffs have failed to state a claim against the unnamed bailiff. The only allegation pertaining to the unnamed bailiff is the following:

UNNAMED BAILIFF

> 25. That on or about January 7, 2013 plaintiff's and other family members were locked outside of the courtroom while a hearing in connection with plaintiff's case was taking place. Upon knocking there was no response. At the close of the hearing the door was opened and no explanation given.

Doc. 36 at 12. Not only does this single allegation fail to state a viable constitutional claim against the unnamed bailiff under § 1983, any such claim would also be time-barred. All

constitutional claims brought under § 1983 are tort actions subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). Plaintiffs bring this lawsuit in Alabama, where the governing limitations period is two years. *Id.* (citing Ala. Code § 6–2–38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Thus, for their purported claim against the unnamed bailiff to be timely, Plaintiffs were required to bring it within two years of the date the limitations period began to run, which was when "the facts which would support a cause of action [became] apparent or should [have been] apparent to a person with a reasonably prudent regard for his rights." *Id.* (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)).

In this instance, the facts Plaintiffs allege in support of their cause of action became apparent or should have become apparent to Plaintiffs on January 7, 2013, when they were allegedly locked out of the courtroom. However, this lawsuit was not initiated until November 2020, nearly eight years after the alleged event. Accordingly, for multiple reasons, the unnamed bailiff should be DISMISSED as a defendant from this action.

### d. The *Rooker-Feldman* doctrine bars Plaintiffs' requests for injunctive relief, but not their requests for monetary damages.

In their respective motions, the majority of the remaining Defendants move to dismiss the Amended Complaint under the *Rooker-Feldman* doctrine. Docs. 49, 51, 53, 57. The Eleventh Circuit has recently clarified the narrow scope of the *Rooker-Feldman* doctrine in *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021). In that case, the Court stated:

> *Rooker-Feldman* means that federal district courts cannot review or reject state court judgments rendered before the district court litigation began. It is,

> really, a straightforward application of the statutes establishing our jurisdiction. [It is not] a broad means of dismissing all claims related in one way or another to state court litigation. Its application is narrow and—surprisingly enough—quite simple. It bars only "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517; *see also Nicholson*, 558 F.3d at 1274.

*Id.* at 1212. The *Behr* Court made clear that, "[b]ecause *Rooker-Feldman* bars only claims that invite a district court's 'review and rejection' of a state court judgment, claims that seek only damages for constitutional violations of third parties—not relief from the judgment of the state court—are permitted." *Id.* at 1214.

In accordance with that rule, the Court noted that the *Behr* plaintiffs, who alleged procedural due process violations resulting "from the use of falsified and/or coerced information as a basis for the [state court] proceedings and decisions," did not "raise these constitutional claims to undo the state court's . . . decision." *Id.* at 1213. Instead, they simply wanted monetary damages. The Court stated:

> In other words, [the plaintiffs] are not raising these due process claims so that we can 'review and reject' the state court's child custody judgment. *That* would be a violation of *Rooker-Feldman*. Instead, they are asking us to consider whether their constitutional rights were violated during the proceedings and whether they are entitled to damages for those violations. That claim falls outside *Rooker-Feldman*'s boundaries.

*Id.*

In this case, Plaintiffs allege various constitutional violations arising from their prior state court proceedings and, as relief, they seek both monetary damages *and* injunctive relief. Specifically, in addition to monetary damages, they ask the Court to (1) "void, reverse, and or suspend all rulings and proceedings held in state court"; (2) "[e]njoin State

Court of Appeals from ordering the dismissal of parties related to joinder claims"; and (3) "[e]njoin defendant's, Cleveland Brothers, from claiming any estate, right, or title to the subject property other than a monetary interest." Doc. 36 at 17-18.

Following the Eleventh Circuit's guidance in *Behr*, the *Rooker-Feldman* doctrine bars Plaintiffs' requests for injunctive relief; they each invite this Court's "review and rejection" of prior state court judgments, which falls squarely within the narrow scope of *Rooker-Feldman*.[4] Accordingly, Plaintiffs' requests for injunctive relief should be DISMISSED. However, to the extent Plaintiffs seek monetary damages for alleged violations of their constitutional rights during the state court proceedings, that relief "falls outside *Rooker-Feldman*'s boundaries." *Behr*, 8 F.4th at 1213.

> **e. Defendant Judges Jacob Walker, John Denson, and Bill English should be dismissed because they are entitled to judicial immunity against suit for monetary damages.**

Defendant Judges Jacob Walker, John Denson, and Bill English each move to dismiss the Amended Complaint based on judicial immunity. Docs. 52, 53. Under the doctrine of judicial immunity, a plaintiff may not maintain a suit for damages against a judge acting in his official capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies even when the judge's actions were in error, were done maliciously, or were in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles*, 502 U.S. at 11 (holding that judicial immunity is not overcome by allegations of bad faith or malice).

---

[4] Indeed, elsewhere in the Amended Complaint, Plaintiffs specifically "demand . . . a retrial of all causes of action addressed in the state court forum." Doc. 36 at 3.

Indeed, immunity may be overcome only if the judge has acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S at 356–57. The scope of a judge's jurisdiction must be construed broadly, *id.* at 356, and the "relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (internal quotations and citation omitted).

The Amended Complaint does not demonstrate that Judges Walker, Denson, and English acted outside the scope of their judicial capacity or in the complete absence of all jurisdiction. As to Judge Walker, the Amended Complaint states:

> [W]hile state court proceedings were ongoing, [Judge Walker] on numerous occasions saw fit to repeatedly 1.) deny motions in complete disregard of plaintiff's rights, 2.) Deny plaintiffs and heirs the right to move forward pro se, collectively, 3.) Impermissible padding courts records by bifurcating and separating issues of parties sharing like claims for the express purpose of discouraging efforts to seek appeal. 4.) on or about 2013 Defendant denied plaintiff's an opportunity to conduct discovery. Refused to compel or sanction any of the parties served, moved instead to appoint a master to censure requests to which plaintiff strongly objected. 5.) Rather than place the property into a receivership during the pendency of litigation, the court allowed defendant complete control of property during litigation stage of the proceedings 6.) The courts decision to conduct separate trials on behalf of family members sharing like claims, deprived plaintiff's of their right to due process by prohibiting their right to confront and examine.

Doc. 36 at 7-8. The Amended Complaint further alleges that, during a hearing in April 2014, Judge Walker "intentionally and maliciously scheduled plaintiff's and other family members, hearing date to coincide with a triple capital murder case," which "reflected a reckless indifference and a careless disregard for the rights of others, especially black and elderly." *Id.* at 9.

As to Judge Denson, the only grievance Plaintiffs appear to have is that, during the initial partition action back in 2006, he "declare[d] the alleged fraudulent [conveyance]

instrument valid absent notice of a hearing, taking of testimony, right to be heard or any of the benefits identified with due process." *Id.* at 5, 11. Finally, as to Judge English, the only allegation Plaintiffs appear to make is that, sometime "between 2003 and 2004," Judge English failed to transfer a case from probate to circuit court for final disposition; however, this allegation does not clearly connect Judge English to the alleged failure. *Id.* at 11-12.

Setting aside the timeliness of these allegations[5], they all indicate that Judges Walker, Denson, and English were acting within the scope of their judicial capacities, and none plausibly demonstrate that they acted in the complete absence of their jurisdiction. Indeed, while Plaintiffs take issue with certain decisions made by each of the judges during various state court proceedings, it is nonetheless clear from the allegations that all the decisions were judicial functions made in Defendants' capacities as state judges.[6] *See, e.g., Abdul-Karim v. Dees*, No. 3:18-CV-695, 2018 WL 4924339, at *3 (M.D. Fla. Oct. 10, 2018) (stating that conducting hearings, ruling on motions, and entering orders are all normal judicial functions). Thus, under these circumstances, these Defendants are immune from suit for damages.[7] Accordingly, because there is no viable relief Plaintiffs have sought

---

[5] As addressed above, the governing statute of limitations for Plaintiffs' § 1983 claims is two years; thus, any claims based solely on allegations from 2006 and prior are untimely.

[6] To the extent Plaintiffs allege, in a vague and conclusory manner, a conspiracy among Judge Walker and various other Defendants, Judge Walker is nevertheless entitled to judicial immunity. *See Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (explaining that "even a judge who is approached as a judge by a party [and conspires with such party] to violate [another party's federal constitutional rights] is properly immune from a damage suit brought under section 1983" and stating that a contrary holding would mean that "judges, on mere allegations of conspiracy or prior agreement, could be hauled into court and made to defend their judicial acts, the precise result judicial immunity was designed to avoid.") (citations omitted).

[7] Plaintiffs purport to sue these Defendants in their individual, rather than official, capacities. Doc. 36 at 14-16. However, the factual allegations in the Amended Complaint demonstrate that Plaintiffs' grievances arise out of judicial actions the judges took while presiding over Plaintiffs' prior state court proceedings.

or can seek against these Defendants—given that, as discussed above, the injunctive relief sought by Plaintiffs is barred by *Rooker-Feldman*—Judges Jacob Walker, John Denson, and Bill English should be DISMISSED as defendants from this action.

### f. Defendant Mary Roberson should be dismissed because she is not subject to suit under § 1983 in her official capacity and she is entitled to Eleventh Amendment immunity against suit for monetary damages.

Plaintiffs sue Defendant Lee County Circuit Court Clerk Mary Roberson solely in her official capacity. Doc. 36 at 10, 15. The Supreme Court has made clear that a state official, in his or her official capacity, is not a "person" for purposes of § 1983. *See Will*, 491 U.S. at 71 ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.[] As such, it is no different from a suit against the State itself.[] We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.") (citations omitted).

As noted above, Lee County Circuit Court is an arm of the State of Alabama. Accordingly, so is the Clerk of Court when acting in her official capacity, as Plaintiffs allege. *See, e.g., Murphy v. Alabama*, No. 2:20-183, 2020 WL 7390489, at *3 (S.D. Ala. Nov. 6, 2020) (stating that Marengo County Circuit Court is an arm of the State, "as are

---

Other district courts have determined that, no matter how a plaintiff has labeled his claims, this type of action is precisely what the Supreme Court held must be immunized from civil liability. *See, e.g, Abdul-Karim*, 2018 WL 4924339, at *3 n.4; *Lloyd v. Leeper*, No. 3:16-CV-906, 2018 WL 4091992, at *6 n.13 (M.D. Fla. Aug. 27, 2018); *Hall v. Georgia, Dep't of Pub. Safety*, No. 1:14-CV-3295, 2015 WL 12867005, at *10 (N.D. Ga. June 30, 2015) ("[B]ecause they only concern actions taken by Judge Weaver in his judicial capacity, Plaintiff's claims against Judge Weaver in his individual capacity are barred by the doctrine of judicial immunity."); *Wells v. Miller*, No. 15-CV-80412, 2015 WL 12953101, at *3 n.1 (S.D. Fla. Apr. 8, 2015) ("Any claim against [the Florida judges] in their individual capacities would be barred by absolute judicial immunity unless the judges were acting outside their judicial capacities or completely lacked jurisdiction.").

Circuit Judge Deas and Clerk of Court Freeman in their official capacities"); *Meadows v. Shaver*, 327 So. 3d 213, at *2 (Ala. 2020) ("Although circuit clerks . . . are elected by their counties' residents, they are officers of the State. For example, their salaries are primarily paid by the State.[] Further, State statutes, rather than county ordinances, establish the locations of circuit clerks' offices . . . the scope of their duties . . . and the extent of their authority.") (internal citations omitted). Thus, Roberson is not subject to suit under § 1983 in her official capacity.

Additionally, Roberson is entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution bars suits for monetary damages against a state unless the state waives its Eleventh Amendment immunity or Congress abrogates the immunity. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). This immunity also extends to state officials sued in their official capacities when, for all practical purposes, "the state is the real, substantial party in interest." *Id.* (citations omitted). Alabama has not waived its Eleventh Amendment immunity, and Congress has not abrogated Eleventh Amendment immunity in § 1983 cases. *Id.* at 1525 (citations omitted). Moreover, Alabama law has made clear that Circuit Clerks like Roberson carrying out official functions are state officials. *McDowell v. Sheppard*, No. 3:20-CV-839, 2021 WL 4341959, at *4 (M.D. Ala. Sept. 23, 2021) (citing *Meadows*, 327 So. 3d at *2). Accordingly, for multiple reasons, Mary Roberson should be DISMISSED as a defendant from this action.

> **g. Defendant Water Works Board of the City of Auburn should be dismissed because Plaintiffs have failed to state a conspiracy claim against it.**

As to Defendant Water Works Board of the City of Auburn, Plaintiffs allege the Board conspired with Defendant Judge Walker to discontinue Plaintiff Glenn's water service. In support of this claim, Plaintiffs state the following:

> Sometime during 2018 plaintiff Glenn filed suit against Water Works Board of the City of Auburn arising from a taking that resulted from the installation of pipes through plaintiff's property for the diversion of street runoff. The extreme force of the street runoff caused trees to fall along waterway damaging home and vehicle . . . . When clearing brush along this area City refused to pickup debris and demanded additional fees because of the volume. I refused to pay extra so they stopped sanitation service but continued to charge. Since the City of Auburn combines water and sanitation bills, you can't subscribe to one without the other. After repeated correspondence to no avail my water service was discontinued without notice which resulting with the filing of the 2018 injunction. On or about May 24, 2021, Defendant terminated plaintiff Glenn's, water service again without notice. Judge Walker was the appointed presiding judge over the case. Though it is unclear if said injunction was granted, defendants restored and continued service during pending litigation awaiting mediation, during which time payments were continuously being made in excess of that which was owed.

Doc. 36 at 13. Based on these allegations, Plaintiffs purport to bring conspiracy claims under both 42 U.S.C. § 1983 and § 1985(2); however, Plaintiffs' claims fail under both statutes.

To establish a conspiracy under § 1983, "[i]t is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). "[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Instead, "a plaintiff must allege that (1) the defendants reached an understanding or agreement that they would

deny the plaintiff one of his constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1327 (11th Cir. 2015) (citing *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008)).

In this case, although Plaintiffs' supporting allegations are difficult to follow, it is clear Plaintiffs have not alleged *any* understanding or agreement between Defendants or offered *any* facts that suggest a plausible conspiracy claim. Indeed, there are no allegations whatsoever suggesting that the Board and Judge Walker ever communicated with one another regarding Plaintiff Glenn or his water service; that they did so in an effort to deny Plaintiff of a constitutional right; or that Plaintiff was actually denied a constitutional right as a result. Plaintiffs' mere use of the word "conspired" under Count XIII of the Amended Complaint falls well short of stating a conspiracy claim upon which relief can be granted, as the allegation is vague and wholly conclusory. Accordingly, Plaintiffs' conspiracy claim against the Board fails under § 1983. *See Fullman*, 739 F.2d at 556–57 (holding a vague and conclusory conspiracy allegation fails to state a claim upon which relief can be granted); *Ross v. State of Ala.*, 15 F. Supp. 2d 1173, 1195 (M.D. Ala. 1998) (dismissing conspiracy claims where plaintiffs failed to allege any facts whatsoever concerning the nature of the conspiracy in which defendants allegedly engaged).

Section 1985(2) provides a cause of action for two types of conspiracies: "[T]he first four clauses of [§] 1985(2) refer to conspiracies that are designed to obstruct the course of justice in any court of the United States" while "the last two clauses of [§] 1985(2) refer to conspiracies designed to deny or interfere with equal protection rights." *Jimenez v.*

*Wizel*, 644 F. App'x 868, 873 (11th Cir. 2016) (citing *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. 1981)). Accordingly, to state a claim under § 1985(2), the plaintiff must either "show a nexus between the alleged conspiracy and a proceeding in federal court" or "show a racial or otherwise class-based discriminatory animus." *Id*. Irrespective of the type of conspiracy alleged, the plaintiff must provide sufficient allegations to make plausible that there was a "meeting of the minds between two or more persons to accomplish a common and unlawful plan." *See McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000).

As noted above, there are no allegations in the Amended Complaint to make plausible that a meeting of the minds occurred between the Board and Judge Walker or that they sought to accomplish a common and unlawful plan. Accordingly, Plaintiffs' conspiracy claim also fails under § 1985(2). *See Jimenez*, 644 F. App'x at 874 (affirming dismissal of conspiracy claim where plaintiff provided "no statements indicating that the existence of a conspiracy [was] factually plausible" and instead provided only "'naked assertions devoid of further factual enhancement,' which is not enough") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Therefore, Water Works Board of the City of Auburn should be DISMISSED as a defendant from this action.

> **h. Defendants Cleveland Brothers, Inc. and Timothy Woodson should be dismissed because Plaintiffs have also failed to state a conspiracy claim against them.**

As to the two remaining Defendants, Cleveland Brothers, Inc. and Timothy Woodson, Plaintiffs also purport to state conspiracy claims under § 1983 and § 1985(2). Throughout the Amended Complaint, Plaintiffs allege that Cleveland Brothers, a private

corporation, purchased interest in a tract of land and initiated state court proceedings in 2006 to partition that tract of land. Plaintiffs allege that Cleveland Brothers, in purchasing the land interest, initiating state court proceedings, and throughout state court proceedings, acted unlawfully and in furtherance of a conspiracy between itself and Judge Walker. Plaintiffs further allege that Timothy Woodson, another private actor, acted in concert with Cleveland Brothers and Judge Walker "in advancing the conspiracy that deprived plaintiffs of their rightful entitlement to the property at issue." Doc. 36 at 16.

For the same reasons Plaintiffs' conspiracy claims against the Board fail, Plaintiffs' conspiracy claims against these Defendants also fail. There are simply no allegations in Plaintiffs' 20-page Amended Complaint that plausibly demonstrate a conspiracy between any of the Defendants. Plaintiffs' unsupported insistence that Defendants acted in furtherance of some unidentified conspiracy, absent any accompanying factual allegations demonstrating a meeting of the minds between Defendants, is simply not sufficient to state a conspiracy claim. Accordingly, Cleveland Brothers, Inc. and Timothy Woodson should be DISMISSED as defendants from this action.

### III. CONCLUSION

Plaintiffs were previously made aware of many of these pleading defects and, in response, moved to file an Amended Complaint. Despite being given an opportunity—and an extension of time—to amend their pleading, Plaintiffs have nevertheless failed to state a viable claim against *any* of the ten named Defendants. Moreover, most—if not all—of the pleading defects identified herein are incurable absent a complete reversal or substantial

overhaul of the allegations in the already revised Amended Complaint. Accordingly, the undersigned RECOMMENDS that:

1. Defendants' motions to dismiss (Docs. 49, 50, 51, 52, 53, 68) be GRANTED to the extent set forth herein;

2. Defendants Cleveland Brothers, Inc., Timothy Woodson, Willie Dumas, Lee County Circuit Court, Judge Jacob Walker, Judge John Denson, Circuit Court Clerk Mary Roberson, Unnamed Bailiff assigned to Judge Walker, Judge Bill English, and the Water Works Board of the City of Auburn be DISMISSED as defendants from this action; and

3. This case be DISMISSED.

It is further ORDERED that:

On or before **January 3, 2022**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of December, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE