IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY GLENN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:20-cv-957-ECM |
| | ) | (WO) |
| CLEVELAND BROTHERS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Report and Recommendation of the Magistrate

Judge (doc. 72) which recommends that the Defendants' motions to dismiss (docs. 49, 50,

51, 52, 53, and 68) be granted, and this case be dismissed.  On January 26, 2022, the

Plaintiffs filed Objections (doc. 77), and Defendant Bill English filed a response to the

Plaintiffs' Objections on January 31, 2022. (Doc. 78).

When a party objects to a Magistrate Judge's Report and Recommendation, the

district court must review the disputed portions *de novo*.  28 U.S.C. § 636(b)(1).  The

district court "may accept, reject, or modify the recommended disposition; receive further

evidence; or resubmit the matter to the magistrate judge with instructions."  Fed. R. Civ.

P. 72(b)(3).  *De novo* review requires that the district court independently consider factual

issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896

F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and

Recommendation must be sufficiently specific to warrant *de novo* review.  *See Stokes v.*

*Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and

specific objection to a finding of fact by a magistrate, the district court has an obligation to

conduct a *de novo* review of the record with respect to that factual issue") (quoting *LoConte*

*v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)).

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of

the Magistrate Judge, and the Plaintiffs' objections.  The Plaintiffs make conclusory

assertions that they are entitled to relief against the Defendants and offer a recitation of the

claims made in the amended complaint, but they do not point to any legal error committed

by the Magistrate Judge.  The Plaintiffs' general objections do not merit *de novo* review.

However, the following objections are sufficiently specific to warrant *de novo*

review.

### A.  Objection to Dismissal of Defendant Dumas

The Court first addresses the Plaintiffs' objection to the Magistrate Judge's finding

that their claim against Defendant Willie Dumas should be dismissed.  As noted by the

Magistrate Judge, the entirety of the Plaintiffs' claim against Defendant Dumas is as

follows:

> 27. M. Bryant offered open court testimony in furtherance of
> the alleged conspiracy affirming that Doc Woodson's siblings,
> [sic] willingly conveyed their property rights pursuant to the
> 1962 fraudulent conveyance instrument.

(Doc. 72 at 4; Doc. 36 at 12).

While the Plaintiffs provide slightly more detail about this claim in their objection,

they make only conclusory assertions that they are entitled to relief.  The Plaintiffs'

assertion that a five-year statute of limitations applies to the conspiracy claim against

Dumas does nothing to resolve the deficiency in stating a plausible claim.  Thus, the

Plaintiffs have failed to allege sufficient facts that would support a conspiracy claim against

this Defendant. This objection is due to be overruled.

### B.       Objection to Dismissal of "unnamed Bailiff"

The Plaintiffs next object to the dismissal of Defendant "unnamed Bailiff" because,

according to the Plaintiffs, this Defendant can be identified from the date of alleged act,

January 7, 2013.  (Doc. 77 at 3-4).  This objection is without merit because even if the

Defendant could be identified, any claim against him is barred by the statute of limitations.

The Plaintiffs do not dispute that the applicable statute of limitations for a § 1983 claim in

Alabama is two years.  The statute of limitations begins to run "when the plaintiff knows

or has reason to know that he has been injured." *Mullinax v. McElhenney*, 817 F.2d 711,

716 (11th Cir. 1987).  Therefore, the statute began to run when the Plaintiffs were allegedly

locked out of a courtroom in February 2013 by this Defendant.  The fact that the state court

proceedings ended in March 2020 is immaterial.  The statute of limitations began to run on

January 7, 2013, when the Plaintiffs were allegedly prevented from participating in a court

hearing by this Defendant.  This lawsuit was filed on November 19, 2020.  (Doc. 1). Thus,

any claim against this Defendant is time-barred.

### C.       Objection to Dismissal of State Judges and Circuit Court Clerk

The Plaintiffs also object to the dismissal of Defendant Judges Walker, Denson and

English on the grounds that *Ex parte Young*, 209 U.S. 123 (1908), provides an exception

to 11th Amendment immunity. As Defendant English correctly points out, (doc. 78), these

Defendants are entitled to judicial immunity from damages because they were acting in their official capacities as state court judges.

The law is well established that state judges are absolutely immune from civil liability for acts taken pursuant to their judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978). The Plaintiffs' allegations against these Defendants are based on actions they took while acting in their judicial capacities. Therefore, they are entitled to absolute immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all justification," *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). *Accord, Stump*, 435 U.S. at 356-57. "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Sibley*, *supra*.

While the Plaintiffs quote a general legal principle regarding the Eleventh Amendment, they do not point to any legal error regarding these Defendants. Any claims the Plaintiffs allege against these Defendants clearly implicate acts taken in their judicial capacities for which they are entitled to absolute judicial immunity. Thus, the Plaintiffs' objections to the Recommendation are due to be overruled.

With respect to Defendant Lee County Clerk of the Court Mary Roberson, the Plaintiffs "restate the response" they provided for the Defendant Judges and request leave to amend the complaint. (Doc. 77 at 5). Beyond this statement, the Plaintiffs offer no legal

reason for overruling the Recommendation. Thus, and for the reasons set forth herein in Section E, this objection is due to be overruled.

### D.      Objection to Dismissal of Defendant Water Works Board of Auburn

The Plaintiffs object to the dismissal of Defendant Water Works Board of Auburn based on the Plaintiffs' failure to state a claim of conspiracy against it. (*Id*. at 5).  According to the Plaintiffs, "[t]he conduct shown on behalf of the Defendant would persuade any reasonable person that a conspiracy had taken place." (*Id*.)   After disregarding the Plaintiffs' conclusory and speculative statement, the Court concludes that the Plaintiffs have failed to sufficient plead a conspiracy claim against this or any other Defendant.  The Plaintiffs' conspiracy claim is due to be dismissed because of the conclusory, vague and general nature of the allegations of a conspiracy.  *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged.  It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman*, 739 F.2d at 557.  "It is by now axiomatic that a conspiracy requires a meeting of the minds between two or more persons to accomplish a common and unlawful plan." *McAndrew v. Lockheed Martin Corp.,* 206 F.3d 1031, 1036 (11th Cir. 2000).  Other than the Plaintiffs' conclusory allegations of a conspiracy, they have alleged no facts that even remotely suggest that any of the defendants entered into an agreement to violate their  rights.   Thus, the Court concludes that the Plaintiffs' allegations of a conspiracy are insufficient to support a claim for relief, and their objections are due to be overruled.

**E.** **Objection to Dismissal of Defendants Cleveland Brothers, Inc. and Timothy Woodson and Motion for Leave to Amend the Complaint**

The Plaintiffs object to the dismissal of Defendants Cleveland Brothers, Inc. and Timothy Woodson without any specificity and without stating the bases for their objections.  Instead, the Plaintiffs seek leave to amend the complaint rather than suffer dismissal.  (Doc. 77 at 2, 3, 5, and 6) ("Plaintiff's (sic) move for a second opportunity for a 30 day leave period to amend.").  The Court concludes that amending the complaint at this juncture would be futile.

Under Fed. R. Civ. P. 15(a)(2), a "court should freely give leave to amend when justice so requires."  While leave to amend should be "freely given when justice so requires," the Court can deny amendments when (1) the amendment would be prejudicial to the opposing parties; (2) there has been undue delay or bad faith on the part of the moving parties; or (3) the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Jameson v. Arrow Co.,* 75 F.3d 1528, 1534 (11th Cir. 1996).  "A district court need not, however, allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 1001) (citing *Foman*, 371 U.S. at 182).

Moreover, undue delay or "repeated failure to cure deficiencies by amendments previously allowed," are sufficient reasons to deny a motion to amend. *See Foman*, 371 U.S. at 182.  The Plaintiffs filed their first amended complaint on June 7, 2021. (Doc. 10). On July 12, 2021, the Plaintiffs were granted "one final opportunity to file an amended complaint." (Doc. 45).  The Plaintiffs did not file an amended complaint at that time and offer no reason for their failure to do so.  To allow the Plaintiffs to amend their complaint

at this late date would be prejudicial to the Defendants.  The Plaintiffs have amended their complaint once and have been unable to plead claims that would entitle them to relief.  The Court concludes that allowing the Plaintiffs to amend the complaint again would be prejudicial to the Defendants and futile.  *See Foman*, 371 U.S. at 182 (holding that leave to amend need not be given when the amendment would be futile).  For the reasons as stated, the Plaintiffs' motion to amend (doc. 77) will be denied.

## CONCLUSION

For the reasons as stated, the Court concludes that the Plaintiffs' objections are due to be overruled.  Accordingly, it is

ORDERED as follows:

1.    the Plaintiffs' objections (doc. 77) are OVERRULED;

2.    the Recommendation of the Magistrate Judge (doc. 72) is ADOPTED;

3.    the Defendants' motions to dismiss (docs.49, 50, 51, 52, 53, and 68) are GRANTED;

4.    the Plaintiffs' motion to amend (doc. 77) is DENIED;

5.    all other motions are DENIED as moot; and

6.    this case is DISMISSED.

A separate Final Judgement will be entered.

Done this 7th day of February, 2022.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE